IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONOVAN FOREMAN                                                            PETITIONER

v.                                                                      NO.: 1:13-cv-561-DCB-MTP

RONALD KING                                                               RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition of Donovan Foreman for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [5] pursuant to 28 U.S.C. § 2244(d).  Having considered the submissions of the parties, along with the documents made a part of the record and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [5] be granted and that the Petition [1] be dismissed with prejudice.

## PROCEDURAL HISTORY

On or about October 2, 2009, Petitioner was convicted of one count of murder (Count I), four counts of aggravated assault (Counts II, III, IV, and V), and one count of shooting into an automobile (Count VI) in the Circuit Court of Claiborne County, Mississippi. (Motion to Dismiss [5] Ex. A.)  Petitioner was sentenced to serve a term of life for Count I, a term of ten years for each of Counts II, III, IV, and V, and a term of ten years for Count VI, to be served concurrently. ([5] Ex. A.)  Petitioner appealed his convictions and sentences to the Mississippi Supreme Court.      On January 20, 2011, the Mississippi Supreme Court affirmed Petitioner's convictions and sentences in part, reversed in part, and remanded in part. *See Foreman v. State*, 51 So. 3d 957 (Miss. 2011).  Specifically, the Supreme Court affirmed the convictions and

1

sentences for Counts I and II; vacated the convictions and sentences for Counts III, IV, and V; and vacated the sentence for Count VI and remanded that count for re-sentencing. *Id*.  On January 31, 2011, Petitioner was re-sentenced for Count VI to a term of five years. ([5] Ex. C.) Based on a review of the record, Petitioner did not seek direct review in state court following re-sentencing.  On December 14, 2011, Petitioner filed a motion for post-conviction collateral relief in the Mississippi Supreme Court. ([5] Ex. D.)[1]  On February 1, 2012, the Supreme Court denied the motion. ([5] Ex. E.)

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about October 16, 2013.[2]  In his Motion to Dismiss, Respondent contends that the Petition was not timely filed and should be dismissed.  In his Traverse [6], Petitioner briefly addressed the issue of the Petition's timeliness.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act (AEDPA) specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003).  The Fifth Circuit clarified the law for purposes of determining when a state

---

[1] The motion was signed by Petitioner on December 14, 2011.  The motion was stamped "filed" on December 15, 2011.  The Court will use the earlier date.

[2] The Petition was signed on October 16, 2013, and stamped "filed" in this Court on October 18, 2013.  "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).  Weighing all doubts in Petitioner's favor, the Court will use the earlier date of October 16, 2013.

conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Respondent argues that because Petitioner was re-sentenced on Count VI, the Court must perform separate limitation period calculations for (1) Counts I and II and (2) Count VI. Respondent asserts that Petitioner's convictions under Counts I and II were affirmed by the Mississippi Supreme Court on January 20, 2011, and became final on February 3, 2011, when the time for filing a petition for rehearing with the Mississippi Supreme Court expired. According to Respondent, Petitioner was required to challenge the conviction under these counts in a federal petition on or before February 3, 2012, absent any applicable tolling.

As for Count VI, Respondent asserts that Petitioner's conviction became final on January 31, 2011, when Petitioner was re-sentenced. Respondent argues that Petitioner was required to challenge the conviction in a federal petition on or before January 31, 2012, absent any applicable tolling.

For purposes of this matter and in an effort to afford Petitioner the benefit of any doubt, the undersigned will not perform separate limitation period calculations for (1) Counts I and II

and (2) Count VI.[3]  Instead, the undersigned presumes, only for purposes of this case, that the date of re-sentencing is the controlling date, as this presumption affords Petitioner the maximum available time for calculating the timeliness of the petition.[4]

Petitioner was re-sentenced on January 31, 2011. ([5] Ex. C.)  In his analysis regarding Count VI, Respondent asserts that Petitioner's judgment became final on the day of re-sentencing.  However, when a case is remanded for re-sentencing, the judgment is not final, and the limitations period does not commence, until the conclusion of direct review following re-sentencing or the expiration of the time for such. *Scott v. Hubert*, 635 F.3d 659, 666-67 (5th Cir. 2011).  Petitioner did not seek direct review following re-sentencing.  Accordingly, Petitioner's judgment did not become final until March 2, 2011, when the time expired for him to seek direct review in state court. *See Basco v. Goodwin*, 2013 WL 1628375, *4 (E.D. La. March 14, 2013); *Thomas v. Dretke*, 2003 WL 23202281, *4 (N.D. Tex. Nov. 5, 2003).

Petitioner was required to file his federal habeas petition by March 2, 2012, unless he was entitled to statutory or equitable tolling. 28 U.S.C. § 2244(d)(1)(A).  Petitioner filed his petition on October 16, 2013.

**Statutory Tolling**

Whether statutory tolling occurred during the period between the judgment becoming final on March 2, 2011, and Petitioner filing the federal habeas petition on October 16, 2013, is

---

[3] Respondent provides no support for the proposition that the Mississippi Supreme Court would have entertained a petition for review on only that portion of its decision affirming Petitioner's convictions for Counts I and II.

[4] Whether the counts are treated separately or whether the date of the re-sentencing on remand controls all the counts, the outcome is the same.

4

determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

Petitioner filed a motion for post-conviction collateral relief in the state court on December 14, 2011. ([5] Ex. D.)  The motion was denied on February 1, 2012. ([5] Ex. E.)  As a result, the limitation period was tolled for 49 days (December 14, 2011, to February 1, 2012), and Petitioner was required to file his federal petition by April 20, 2012 (March 2, 2012, plus 49 days).  Petitioner filed his petition on October 16, 2013.  Accordingly, statutory tolling does not save the Petition from the statutory bar of Section 2244(d).

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in Section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999).  Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).  Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner filed his habeas petition a year and a half after the deadline.  Petitioner's

reasons for the untimely filing are that he was confined to lock-down and had difficulties acquiring legal assistance. ([1] at 13; [6] at 2.) Petitioner bears the burden of proving equitable tolling in this context and is required to show he has been diligently pursuing his rights. *Alexander*, 294 F.3d at 629; *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling "is not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012). Petitioner has provided no specificity regarding the lack of legal assistance and the steps he took to diligently pursue his claims. Petitioner must provide more than conclusory allegations or claims that legal assistance was inadequate. *See Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (holding that petitioner who failed to allege facts as to why the facility's lack of legal materials prevented him from filing a timely habeas application was not entitled to equitable tolling). "[T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that there is no "abstract, freestanding right to a law library or legal assistance")

Petitioner has made no showing that he was prevented in some extraordinary way from filing his habeas petition prior to the deadline. Additionally, Respondent has come forward with an offender log detailing Petitioner's utilization of the legal assistance program. ([5] Ex. F.) The log reveals that during the relevant time period Petitioner received legal assistance nearly every month, and often multiple times a month. Petitioner is not entitled to tolling based on his alleged "problem getting legal assistance." *See Tate v. Parker*, 439 Fed. App'x. 375, 376 (5th Cir 2011) (holding that "ignorance of the law, lack of knowledge of filing deadlines, a temporary denial of access to research materials or legal assistance, and alleged inadequacies in the prison law

library are not sufficient to warrant equitable tolling.").

## CONCLUSION

Petitioner's state court conviction became final on March 2, 2011.  Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the statutory tolling period found in 28 U.S.C. § 2244(d)(2), Petitioner was required to file his federal petition by April 20, 2012.  Petitioner filed his Petition on October 16, 2013.  Petitioner has failed to meet his burden of proving that additional statutory or equitable tolling is appropriate.  Accordingly, he cannot avoid the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [5] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 24th day of April , 2014.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge