```
         IN THE UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF MISSISSIPPI
                  SOUTHERN DIVISION
```

DONOVAN FOREMAN                                           PETITIONER

VS.                           CIVIL ACTION NO. 1:13-cv-561(DCB)(MTP)

RONALD KING                                               RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before on the petitioner Donovan Foreman's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, the respondent Ronald King's motion to dismiss **(docket entry 5)**, the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 7)**, and the petitioner's objection thereto.  Having carefully considered all the matters before the Court and the applicable law, and being fully advised in the premises, the Court finds as follows:

Donald Foreman, an inmate with the Mississippi Department of Corrections, brings this action under 28 U.S.C. § 2254.  On October 2, 2009, Foreman was convicted of one count of murder (Count I), four counts of aggravated assault (Counts II-V), and one count of shooting into an automobile (Count VI), in the Circuit Court of Claiborne County, Mississippi.  He was sentenced to a term of life for Count I, ten years for each of Counts II-V), and ten years for Count VI, to be served concurrently.  Foreman appealed to the Mississippi Supreme Court, and on January 20, 2011, that court affirmed his convictions and sentences in part, reversed in part,

and remanded in part. Specifically, the Supreme Court affirmed the convictions and sentences for Counts I and II; vacated the convictions and sentences for Counts III, IV and V; and vacated the sentence for Count VI and remanded that count only for re-sentencing. Foreman was re-sentenced to a term of five years for Count VI on January 31, 2011.

The petitioner did not seek direct review in state court following re-sentencing. On December 14, 2011, he filed a motion for post-conviction collateral relief in the Mississippi Supreme Court. On February 1, 2012, the state supreme court denied the motion.

Foreman submitted his federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 16, 2013. In his Report and Recommendation, Magistrate Judge Parker finds that, even if the petitioner's re-sentencing date is the controlling date, the limitations period did not commence until the conclusion of direct review following re-sentencing, or until the expiration for the time for such, whichever is later. Because Foreman did not seek direct review following re-sentencing, his judgment became final on March 2, 2011, when the time period to seek direct review expired. Therefore, Foreman was required to file his habeas petition by March 2, 2012, unless statutory or equitable tolling applied.

In his Report and Recommendation, Magistrate Judge Parker also finds that statutory tolling applied for a period of 49 days

2

because Foreman filed a motion for post-conviction collateral relief on December 14, 2011, and it was denied on February 1, 2012. Therefore, the petitioner was required to file his petition by April 20, 2012. However, Foreman did not file his petition until October 16, 2013. Finally, the Report and Recommendation shows that equitable tolling does not apply in Foreman's case because he has not demonstrated rare and exceptional circumstances, nor has he shown that he has been diligently pursuing his rights.

Instead of filing specific objections, the petitioner has filed only a blanket objection to "every allegation" in the Report and Recommendation. This Court finds nothing in the petitioner's objection that would warrant deviation from the course recommended by the magistrate judge. Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation **(docket entry 7)** of Magistrate Judge Michael T. Parker is hereby adopted as the findings of this Court;

FURTHER ORDERED that the respondent's motion to dismiss **(docket entry 5)** is GRANTED.

A final judgment dismissing the Petition in accordance with Rule 58 of the Federal Rules of Civil Procedure shall follow.

SO ORDERED, this the 19th day of August, 2014.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE